<div align="right" style="font-size:small">Williams<br>*v.*<br>Marston and<br>Trs.<br>—————<br>67</div>

---

## Daniel Clark *et al.*, Appellants, *versus* Jonathan Wright, Executor.

A codicil fraudulently destroyed was established upon parol proof of its contents.

This was an appeal from a decree of the judge of probate
approving and allowing a certain paper, dated the 1st of May,
1811, as the last will of William Clough.

The appellants, heirs at law of the deceased, pleaded that
this paper ought not to be allowed as his last will, because they
said that in 1820 he made and published a codicil making a
material alteration in his will, and that the will and codicil

---

Clark
*v.*
Wright.

thereon were taken from his possession without his consent, and by collusion, and the codicil torn off and destroyed. And upon issues to the country it was found that he did make and publish a codicil, and that it had been fraudulently torn off from the will.

The will contained several devises, and the codicil, according to a paper exhibited as a copy, affected only one of them, the testator having substituted Susanna Clark and her children as devisees of one parcel of land, instead of Ann Clough, who died before the making of the codicil.

A petition was presented to the Court by William Clough, a devisee under the original will, praying that he might be permitted to become a party to this suit.

The cause was argued first at this term, and afterwards at October term 1825 in Middlesex.

*Webster* and *Hubbard* for the appellee and the petitioner. The decree of the judge of probate is to be sustained. The *St.* 1783, *c.* 24, § 1, provides, that " no devise in writing, of lands, tenements, and hereditaments, or any clause thereof, shall be revocable, otherwise than by some other will or codicil in writing, or other writing declaring the same, or by burning, cancelling, tearing, or obliterating the same by the testator himself, or in his presence, and by his direction and consent," &c. This will has not been revoked in any one of the modes here mentioned, and as to the codicil, that was destroyed without the consent or knowledge of the testator. The codicil may or may not have altered the provisions of the will, for it may have been only a devise of subsequently acquired estate ; and unless the contents of the codicil are proved, the Court cannot say that any alteration has been made, and the will remains good. *Harwood* v. *Goodright*, Cowp. 87.

But we say further, that the codicil, whether it relates to real or personal estate, may be set up on parol evidence of its contents, and the authorities are decisive on this point. Toller's Law of Executors, 71 ; *Haines* v. *Haines*, 2 Vern. 441 ; *Trevelyan* v. *Trevelyan*, 1 Phillim. 149 ; *Scruby* v. *Fordham*, Addams, 74 ; *Foster* v. *Foster*, ibid. 462 ; *Legare* v. *Ashe*, 1 Bay, 464 ; *Dalston* v. *Coatsworth*, 1 P. Wms. 731, and *Woodrooff* v. *Burton* there cited ; *Onions* v. *Tyrer*, ibid. 345 ; *Ex parte The Earl*

*of Ilchester*, 7 Ves. jun. 372.   Where a deed is lᵣst or de-    Clark
stroyed it is every day's practice to admit secondary evidence.    *v.*
                                                                   Wright.

PARKER C. J.   I see no difference in this respect between
a deed and a will.   It would be a cause of great injustice, if
the accidental or fraudulent destruction of such instruments
should deprive parties interested, of the right to give evidence
of their contents.

*Prescott* and *Bliss*, for the appellants, seemed to yield the
point of the admissibility of parol evidence to prove the codicil.

PARKER C. J.   The Court have no doubt but that the codi-    69
cil may and ought to be proved.[1]   It will be for the party
claiming under it to consider whether he will make application
here, or before the judge of probate, to have it allowed.

*Webster* suggested that this Court has power not only to re-
verse or affirm, but also to reform, the decree of the judge of
probate.

He afterwards presented a written application on behalf of
the appellee, praying that he might be allowed to prove the
contents of the codicil, and that thereupon the same might be
allowed and established, and stating that a paper exhibited was
a true and exact copy of the codicil.   Depositions were then
offered, proving this paper to be a true copy, and the same was
thereupon allowed as a codicil ;*  and the Court directed the
clerk to record at large the application of the appellee, the
copy of the codicil, and the depositions.

---

[1] See Swinb. *pt.* 6, § 14, *pl.* 4; *Martin* v. *Laking*, 1 Haggard, (Doct. Com.)
244; *Davis* v. *Davis*, 2 Addams, 224 ; *Parker* v. *Hickmott*, 1 Haggard, (Doct.
Com.) 211 ; *Huble* v. *Clark*, 1 Haggard, (Doct. Com.) 115 ; *Jamᵣs* v. *James*,
cited in note to *Lillie* v. *Lillie*, 3 Haggard, (Doct. Com.) 185 ; Williams on
Executors, *pt.* 1, *bk.* 4, *c.* 3, § 7 ; *Jackson* v. *Russell*, 4 Wendell. 543 ; *Fetherly*
v. *Waggoner*, 11 Wendell, 599.

* The decree was as follows. — And now, on the motion or petition of the
said Jonathan Wright, the executor, the jury having found that the said
William Clough, the testator, did, after the execution of his said will, duly
make and publish a codicil thereto, which said codicil was afterwards fraud
ulently torn off and destroyed ; and the paper writing in the cause, marked A,
having been propounded as a true and exact copy of the said codicil, and pro-
bate and allowance prayed ; and the Court having proceeded to take evidence
to prove the same paper A to be a true copy of said codicil, and being satisfied
thereof : — It is therefore ordered, adjudged, and decreed, that the said decree
of the judge of probate, appealed from in this cause, allowing the said instru-
ment as and for the will of the said William Clough, be and the same hereby

is affirmed.— And it is further ordered, adjudged, and decreed, that the said codicil, as written and expressed in the said paper marked A, be, and the same hereby is, received, approved, and allowed as and for a codicil to the said will of the said William Clough deceased; and that an examined copy of this decree, together with the original will as proved and allowed by the judge of probate for the county of Suffolk, and the codicil proved and allowed as aforesaid in this Court, be remitted to the said judge, that he may farther proceed in the premises according to law